**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

DEBRA A. LEITNER,

        Plaintiff - Appellant,

   v.

COMMISSIONER SOCIAL SECURITY
ADMINISTRATION,

        Defendant - Appellee.

No. 08-36030

D.C. No. 1:07-cv-01500-CL

MEMORANDUM [*]

Appeal from the United States District Court
for the District of Oregon
Mark D. Clarke, Magistrate Judge, Presiding

Submitted December 11, 2009 [**]
Portland, Oregon

Before: FARRIS, D.W. NELSON and BERZON, Circuit Judges.

    A narrow question was presented for review. It is not disputed that Ms.

Leitner suffers from depression with anxiety. The question is the severity and

functional limitations attributable to her depression and neck pain. It is argued that

---

    [*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

    [**]    The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

the Social Security Commissioner's denial of Ms. Leitner's application for Disability Insurance Benefits is neither supported by substantial evidence nor free of legal error.

The pivotal issue is whether the Administrative Law Judge should have obtained a consultative examination to assess Ms. Leitner's depression with anxiety before concluding that her condition was not severe. Although the record includes medical reports dating back to 1994, Leitner amended her alleged onset date to July 16, 2005.

After a review of all relevant medical information the ALJ determined that based on Leitner's residual functional capacity, she could perform work as a cashier, driver, or flagger. He concluded that Leitner was not disabled.

There was no error. Nothing indicates that the ALJ should have ordered a consultative exam to assess Ms. Leitner's depression and anxiety. The claimant bears the burden to show that her impairment or their symptoms affect her ability to "perform basic work activities." *Edlund v. Massanari,* 253 F.3d 1152, 1159-60 (9th Cir. 2001). On this record, the ALJ could properly determine that Leitner's depression was not severe. Her lack of counseling, the lack of a recommendation for counseling, her lack of hospitalization, and her voluntary discontinuance of her

2

medication were factors that could properly be considered. See *Burch v. Barnhart*, 400 F.3d 676, 681 (9th Cir. 2005).

The ALJ's duty to develop the record is triggered if there is ambiguous evidence or the record is inadequate for proper evaluation of evidence. Neither is true here.

Leitner also argues that the ALJ erred in rejecting her complaints fo neck pain on the basis of her activities before her onset date. Her 2003 and 2004 activities were not, however, pivotal in the determination of lack of credibility. *See Carmickle v. Comm'r*, 533 F.3d 155, 1165 (9th Cir. 2008). Moreover, they are relevant unless Leitner proves her condition has worsened. *See Fair v. Bowen*, 885 F.2d 597, 600 (9th Cir. 1989). In reaching a conclusion, the ALJ pointed out that there was no evidence of any worsening of her pain and determined that her assertion of worsening is unsubstantiated.

We do not ignore Ms. Leitner's reliance on several MRI results showing disc bulges and herniations from October 2006. As the ALJ noted, Leitner has no demonstrable neural impingement or central canal stenosis in the alleged worsening of her condition. Normal wear and tear mild degenerative changes are to be expected. The ALJ justifiably relied on evidence of her condition prior to the alleged onset date. He cited specific reasons for not giving Leitner's testimony full

3

credibility. The ALJ's hypotheticals were supported by substantial evidence. He considered all medical opinions and impairments. An ALJ is "not required to discuss every piece of evidence." *Howard v. Barnhart*, 341 F.3d 1006, 1012 (9th Cir. 2003). A medical opinion that is inconsistent with a claimant's activities of daily living need not be considered controlling.

We have carefully considered Leitner's allegations. The record reflects that the ALJ properly compared her residual functioning capacity to her prior work. The vocational expert recognized her limitations when he indicated jobs that were appropriate for her. Substantial evidence supports the ALJ's finding that Leitner is not disabled.

AFFIRMED.